JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sean Coary

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** ~~At~~torneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS

St. Joseph's University

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000(e), et seq.
Brief description of cause:
Plaintiff was discriminated against because of his sexual orientation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   4/28/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19146 _____

Address of Defendant: _____ Philadelphia, PA 19131 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA 19131 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/28/2021     _____     311702
                                  *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Daniel S. Orlow _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 04/28/2021     _____     311702
                                  *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| SEAN COARY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ST. JOSEPH'S UNIVERSITY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 04/28/2021 | | Plaintiff, Sean Coary |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| **SEAN COARY** | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| Defendant, | : | JURY TRIAL DEMANDED |
| | : | |
| **ST. JOSEPH'S UNIVERSITY** | : | |

_____

## CIVIL ACTION COMPLAINT

### I.  INTRODUCTION

Plaintiff, Sean Coary, brings this action against Defendant St. Joseph's University for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100, *et seq*. ("PFPO").

Despite Plaintiff's dedication and consistently excellent performance, Defendant denied Plaintiff's application for tenure and promotion and then terminated his employment because of his sexual orientation (homosexual).  Of the ten (10) other faculty members up for tenure along with Plaintiff, Plaintiff was the only homosexual applicant and the only one that was denied tenure and promotion.  Defendant's discriminatory actions were taken *against* the recommendation of external reviewers as well as Defendant's own Board of Rank and Tenure.

Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

## II.   __PARTIES__

1.      Plaintiff Sean Coary is an individual and citizen of the Commonwealth of Pennsylvania, residing therein in Philadelphia, PA.

2.      Defendant St. Joseph's University is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 5600 City Ave, Philadelphia, PA 19131.

3.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

4.      At all times material hereto, Defendant was an employer of Plaintiff within the meaning of the statutes that form the basis of this matter.

5.      At all times material hereto, Defendant employed more than fifteen (15) people.

6.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

## III.   __JURISDICTION AND VENUE__

7.      The causes of action set forth in this Complaint arise under Title VII, the PHRA, and the PFPO.

8.      The District Court has subject matter jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

9.      The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

10.     Venue is proper under 28 U.S.C. § 1391(b).

11.     On or about August 30, 2019 Plaintiff filed a Complaint of Discrimination with the

2

Pennsylvania Human Relations Commission (PHRC), complaining of the various acts of discrimination alleged herein.  Plaintiff's Complaint of Discrimination was dual filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the August 30, 2019 Complaint of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

12.     On December 4, 2020, the Pennsylvania Human Relations Commission informed Plaintiff that more than one year had passed since the filing of his Complaint of Discrimination, advising him that he had the right to bring an action in the appropriate Court of Common Pleas based on the alleged violations of the PHRA.

13.     On February 5, 2021, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue.  Attached hereto is a true and correct copy of that notice.

14.     Plaintiff is filing this complaint within ninety (90) days from his receipt of the EEOC's Notice of Dismissal and Right to Sue.

15.     Plaintiff has fully complied with all administrative pre-requisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff began working for Defendant in August 2013.

17.     During his employment with Defendant, Plaintiff held the title of Assistant Professor in Defendant's Food Marketing Department.

18.     Plaintiff consistently performed his job duties in a highly competent manner and routinely received positive feedback on his performance.

3

19.     Plaintiff reported to the Chair of Defendant's Food Marketing Department and the Dean of Defendant's School of Business.

20.     The Chair of Defendant's Food Marketing Department was held by the following individuals during Plaintiff's employment with Defendant:

        a.   Rich George (August 2013 – December 2013), (male, heterosexual).

        b.   Ferdinand Wirth (January 2014 – May 2015), (male, heterosexual).

        c.   Stephen Porth (May 2015 – August 2018), (male, heterosexual).

        d.   Joseph DiAngelo (August 2018 – August 2019), (male, heterosexual).

        e.   John Stanton (August 2019 – December 2019)), (male, heterosexual).[1]

21.     At all relevant times, DiAngelo was Dean of Defendant's School of Business.

22.     At all relevant times, the Food Marketing Department Chair and Dean of Defendant's School of Business reported to Jeanne Brady, then Provost and Vice President of Academic Affairs.

23.     Brady reported to Mark Reed (male, heterosexual), University President.

24.     At various times throughout Plaintiff's employment with Defendant, Stanton and Wirth treated Plaintiff in a hostile and demeaning manner because of his sexual orientation (homosexual).

25.     In or about 2016 Wirth commented negatively on Plaintiff's clothes and style, stating that what he wore was "too flashy."  Wirth told Plaintiff to "tone down [his] personality."

26.     Plaintiff understood these comments from Wirth to be evidence of a bias based on his sexual orientation.

---

[1] All references herein to a person's sexual orientation are to the best of Plaintiff's knowledge.

27.     In or about October 2017, Plaintiff had seniority to choose which teaching schedule he wanted for the following semester, i.e., the Spring 2018 Semester.

28.     Plaintiff selected a Tuesday/Thursday teaching schedule over a Monday/Wednesday/Friday teaching schedule.

29.     A Tuesday/Thursday teaching schedule was more desirable to faculty members than a Monday/Wednesday/Friday teaching schedule.

30.     Instead of being assigned the more desirable Tuesday/Thursday teaching schedule, Defendant assigned Plaintiff to the Monday/Wednesday/Friday teaching schedule.

31.     The reason provided to Plaintiff for being assigned a Monday/Wednesday/Friday teaching schedule, despite his seniority to elect a Tuesday/Thursday teaching schedule, was that Sara Williamson (female, heterosexual), Assistant Professor needed a Tuesday/Thursday teaching schedule to provide her with enough flexibility to visit her fiancé in New York City.

32.     Plaintiff held more seniority than Williamson with respect to the election of teaching schedules.

33.     Plaintiff was told to "just deal with it," not to "make waves," and to accept it because Williamson had a fiancé and Plaintiff did not.

34.     Plaintiff understood these comments to be evidence of a bias based on his sexual orientation.

35.     In or about February 2018, Stanton came into Plaintiff's office and stated that he had a "great gaydar" and that he "can smell a gay." Stanton further stated that he had "great intuition of picking out gays."

36.     In or about April 2018, Stanton came into Plaintiff's office and asked Plaintiff how he could "concentrate" in his classroom when female undergraduate students have their "titties" on display.

37.     Stanton further asked Plaintiff if he noticed the undergraduates' "titties," and asked Plaintiff how he was not distracted by them.

38.     In or about October 2018, Plaintiff was informed by Emily Moscato that Wirth had made disparaging comments about the lesbian, gay, bisexual, transgender, and queer ("LGBTQ") community.

39.     Wirth informed Moscato that he did not agree with the Supreme Court's decision that protected same-sex marriage as a constitutional right.

40.     Wirth reprimanded Moscato for openly supporting same-sex marriage during her classes and told Moscato that she created a hostile environment for students who did not agree with constitutional protection for same-sex marriage.

41.     Wirth informed Moscato that he did not recognize the LGBTQ community as a "market segment."

42.     In or about October 2018, Defendant conducted a "climate study" among its employees.  The results showed that the individuals on Defendant's campus who identify as LGBTQ experience less overall comfort at Defendant than heterosexual individuals.

43.     In November 2019, Reed sent out a campus-wide e-mail stating that Defendant would be hiring a Chief Diversity Officer in response to multiples instances of harassment and discrimination.  Stanton openly mocked the importance of a Chief Diversity Officer as "just another administrator."

44.     On September 17, 2018, Plaintiff applied for tenure and promotion.

6

45.     Plaintiff's application sought tenure and promotion to Associate Professor.

46.     The first level of review in Defendant's tenure process is conducted by a committee from the relevant department (the "Department Committee").

47.     The Department Committee that reviewed Plaintiff's tenure and promotional application was comprised of Stanton and Wirth.

48.     Plaintiff was qualified for both tenure and promotion.

49.     On or about October 11, 2018, Stanton and Wirth voted against Plaintiff's application for tenure and promotion.

50.     Stanton's stated reason for voting against Plaintiff's tenure and promotion was that Plaintiff's research was deficient.

51.     Wirth's stated reason for voting against Plaintiff was that Plaintiff's teaching was deficient.

52.     Wirth had applied for and was granted tenure as of August 2013.

53.     When Wirth had applied for tenure, Stanton informed Wirth to write his own letter of recommendation for Stanton to sign.

54.     Plaintiff was never given the opportunity by Stanton to write his own letter of recommendation.

55.     The second step in Defendant's tenure process is review by anonymous faculty members external to the University.

56.     On October 21, 2018, Plaintiff learned that all three (3) of the anonymous external faculty reviewers voted in favor of Plaintiff's tenure, and that two (2) out of the three (3) anonymous external faculty reviewers voted in favor of Plaintiff's promotion.

57.     Following the departmental votes and votes by external reviewers, the next step in Defendant's tenure process is a vote by the relevant Dean.

58.     At the time of Plaintiff's application for tenure and promotion, DiAngelo was the Dean of Defendant's School of Business.

59.     DiAngelo voted on Plaintiff's application before it was presented to Defendant's Board of Rank and Tenure.

60.     On November 17, 2018, DiAngelo voted against Plaintiff's tenure and promotion application.

61.     During the winter break of the 2018-2019 academic year, Defendant's Board of Rank and Tenure held a vote on Plaintiff's application for tenure and promotion.

62.     The Board of Rank and Tenure is comprised of eight (8) tenured professors at Defendant and is responsible for making the final decision on applications for tenure and promotion, subject to approval by the University President.

63.     The Board of Rank and Tenure voted in favor of Plaintiff's application.

64.     Notwithstanding the Board of Rank and Tenure's vote, in a March 8, 2019 phone call with Brady, Plaintiff was told that his application for tenure and promotion had been denied.

65.     Plaintiff was informed during his March 8, 2019 conversation with Brady that his employment was being terminated and that he would only be offered a one-year non-renewable contract.

66.     The denial of Plaintiff's application for tenure and promotion was confirmed in a letter dated March 8, 2019 signed by Reed.

67.     Subsequent to the denial of his application for tenure and promotion, Plaintiff learned that Reed had overridden the Board of Rank and Tenure's vote, which is rare, and denied Plaintiff's application.

68.     Plaintiff was the only Assistant Professor, out of a total of eleven (11) Assistant Professors up for tenure and promotion, who was denied tenure and promotion in March 2019. All other Assistant Professors up for tenure and promotion were granted the same based on the recommendations of the Board of Rank and Tenure.

69.     Out of the ten (10) other Assistant Professors that were being reviewed for tenure and promotion along with Plaintiff, Plaintiff was the only homosexual Assistant Professor under consideration.

70.     Plaintiff's employment with Defendant ended on December 31, 2019.

71.     Plaintiff's sexual orientation was a motivating and/or determinative factor in Defendant's discriminatory treatment of him, including the denial of his application for tenure and promotion and the termination of his employment.

72.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I – Title VII of the Civil Rights Act of 1964 (Title VII)**

73.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

74.     Defendant has violated Title VII by committing the foregoing acts of discrimination.

75.    Defendant intentionally discriminated against Plaintiff because of his sexual orientation as set forth herein, including denying his application for tenure and promotion and terminating his employment.

76.    Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

77.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

78.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

79.    No previous application has been made for the relief requested herein.

## COUNT II – Pennsylvania Human Relations Act (PHRA)

80.    Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

81.    Defendant has violated the PHRA by committing the foregoing acts of discrimination.

82.    Defendant intentionally discriminated against Plaintiff because of his sexual orientation as set forth herein, including denying his application for tenure and promotion and terminating his employment.

83.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

84.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

85.     No previous application has been made for the relief requested herein.

### COUNT III – Philadelphia Fair Practices Ordinance (PFPO)

86.     Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

87.     Defendant has violated the PFPO by committing the foregoing acts of discrimination.

88.     Defendant intentionally discriminated against Plaintiff because of his sexual orientation as set forth herein, including denying his application for tenure and promotion and terminating his employment.

89.     Defendant acted with malice and/or reckless indifference toward the statutorily protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

90.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

91.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

92.     No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Sean Coary, and against Defendant:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the PHRA;

c) declaring the acts and practices complained of herein to be in violation of the PFPO;

d) enjoining and restraining permanently the violations alleged herein;

e) awarding damages to Plaintiff for the past and future economic losses that he has suffered;

f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g) awarding punitive damages to Plaintiff;

h) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

i) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: April 28, 2021       BY:   _____

Daniel S. Orlow, Esq.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
Attorneys for Plaintiff, Sean Coary

12

# Exhibit "A"

## COMMONWEALTH OF PENNSYLVANIA

## GOVERNOR'S OFFICE

## PENNSYLVANIA HUMAN RELATIONS COMMISSION

|                               |   |                            |
|-------------------------------|---|----------------------------|
| Sean Coary,                   | : |                            |
|    Complainant | : |                            |
|                               | : |                            |
| v.                            | : | : PHRC Case No. 201902232  |
|                               | : |                            |
| Saint Joseph's University,    | : | : EEOC No. 17F202060880    |
|    Respondent  | : |                            |
|                               | : |                            |

## **COMPLAINT**

## **JURISDICTION**

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

## **PARTIES**

2.   The Complainant herein is:

Sean Coary

3.   The Respondent herein is:

Saint Joseph's University
5600 City Avenue
Philadelphia, PA 19131

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

Received

AUG 3 0 2019

PA Human Relations Commission
Philadelphia Regional Office

## COMPLAINT

COMPLAINANT:                                    :
                                                :
**SEAN COARY**                                  :            Docket No. *2019 02232*
                                                :
v.                                              :
                                                :
RESPONDENT:                                     :
                                                :
**SAINT JOSEPH'S UNIVERSITY**                   :
                                                :

1.  The Complainant herein is:

    Name:       Sean Coary

    Address:    ███████████████████

2.  The Respondent herein is:

    Names:      Saint Joseph's University

    Address:    5600 City Avenue
                Philadelphia, PA 19131

3.  I, Sean Coary, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my sex (male), including my sexual orientation (homosexual/gay), as

set forth below.

### Discrimination

**A. I specifically allege:**

[1]     I began working at Respondent on or about August 2013.

[2]       I consistently perform my job duties in a highly competent manner and receive positive feedback.

[3]       I hold the position of Assistant Professor.

[4]       I report to John Stanton (male, heterosexual[1]), Professor and Department Chair, and Joseph DiAngelo (male, heterosexual), Dean, Erivan K. Haub School of Business. Stanton and DiAngelo report to Cheryl McConnell (female, heterosexual), Provost and Vice President, Academic Affairs, who reports to Mark Reed (male, heterosexual), President.

[5]       Stanton and Ferdinand treated me in a hostile and dismissive manner, differently and worse than how they treated female and/or heterosexual employees.

[6]       Stanton and Ferdinand unjustly criticized my performance.

[7]       Stanton repeatedly reminded me that he votes on me for tenure and had the final say regarding my advancement at Respondent.

[8]       In or about 2016, Ferdinand Wirth (male, heterosexual), Associate Professor, commented negatively on my clothes and style, stating that what I wore was "too flashy." Wirth instructed me to "tone down [my] personality." I never heard Wirth make similar comments or criticisms to female and/or heterosexual employees. I understood these comments to be evidence of a bias based on my sex and/or sexual orientation.

[9]       In or about October 2017, I had seniority to choose which teaching schedule I wanted for the following semester. I selected the Tuesday/Thursday teaching schedule, which was the more desirable schedule, over the Monday/Wednesday/Friday teaching schedule, which was the less desirable schedule. Instead of being assigned my selected schedule, Respondent assigned me to the Monday/Wednesday/Friday teaching schedule. The stated reason

---

[1] All references herein to a person's sexual orientation are to the best of my knowledge.

was that Sara Williamson (female, heterosexual), Assistant Professor, who had less seniority than I had, needed the Tuesday/Thursday teaching schedule because her fiancé lived in New York City and this schedule would give her more flexibility to visit him. I was told to "just deal with it," not to "make waves," and to accept it—because she had a fiancé and I did not.

[10]    Respondent assigned me to the less desirable teaching schedule because of my sex and/or sexual orientation.

[11]    I was the most senior faculty member in the Department who was not given the more desirable Tuesday/Thursday teaching schedule when requested.

[12]    In or about February 2018, Stanton came into my office and stated that he had a "great gaydar" and that he "can smell a gay." He stated that he had "great intuition of picking out gays." I never heard Stanton make similar comments to female and/or heterosexual employees.

[13]    In or about April 2018, Stanton came into my office and asked me how I could "concentrate" in the classroom when undergraduate students have their "titties" on display. Stanton asked me if I notice the undergraduates' "titties," and asked me how I am not distracted by them. I asked Stanton to leave my office. I never heard Stanton ask similar questions to female and/or heterosexual employees.

[14]    On September 17, 2018, I submitted my tenure and promotional packet to the Department Committee. The Department Committee was comprised of Stanton and Wirth.

[15]    I was qualified for tenure and promotion.

[16]    On October 11, 2018, Stanton and Wirth voted against my tenure and promotion. Stanton's stated reason was that my research was deficient, and Wirth's stated reason was that my teaching was deficient.

[17]     The stated reasons are pretext.

[18]     The Department Committee, comprised of Stanton and Wirth, voted against my tenure and promotion because of my sex and/or sexual orientation.

[19]     In or about October 2018, I was told that Ferdinand made disparaging comments about the lesbian, gay, bisexual, transgender, and queer ("LGBTQ") community.

[20]     In or about October 2018, Respondent conducted a "climate study," among its employees.  The results showed that the individuals on Respondent's campus who identify as LGBTQ experience less overall comfort at Respondent that heterosexual individuals experience at Respondent.

[21]     On October 21, 2018, I was informed that all three (3) of the anonymous external faculty reviewers voted in favor of my tenure, and that two (2) out of the three (3) anonymous external faculty reviewers voted in favor of my promotion.

[22]     On November 7, 2018, I submitted a rebuttal in response to the Department Committee's vote against my tenure and promotion.

[23]     On November 17, 2018, DiAngelo voted against my tenure and promotion.  The stated reason was "lack of consensus from the [department] faculty and the external reviewers."

[24]     The stated reason is pretext.

[25]     DiAngelo voted against my tenure and promotion because of my sex and/or sexual orientation.

[26]     On March 8, 2019, in a phone call with Jeanne Brady, Provost and Vice President for Academic Affairs, I was informed that Respondent denied me tenure and promotion.

[27]     By letter dated March 8, 2019, signed by Reed, I was informed that Respondent denied me tenure and promotion, and that my employment with Respondent would be terminated.  The letter stated the following: "While I recognize that you have made contributions in certain areas, there are other areas of significant concern that have led me to this decision. . . . As a result of tis determination, your faculty contract for Academic Year 2019-2020 will be a non-renewable, one-year contract."

[28]     On March 27, 2019, in a meeting with Brady and DiAngelo, I was informed that Respondent denied me tenure and promotion.  The stated reason was lack of consensus.

[29]     On March 27, 2019, I was informed that the Board of Rank and Tenure had voted in favor of my tenure and promotion.  The Board of Rank and Tenure is comprised of eight (8) tenured professors at Respondent.  Reed overrode the Board of Rank and Tenure's recommendation, which is rare, and denied me tenure and promotion.

[30]     The stated reason is pretext.

[31]     Respondent denied me tenure and promotion because of my sex and/or sexual orientation.

[32]     Respondent gave me a non-renewable one-year contract and notified me of termination because of my sex and/or sexual orientation.

[33]     Respondent subjected me to a hostile work environment because of my sex and/or sexual orientation.

[34]     On or about April 10, 2019, I was informed that Reed asked the Board of Rank and Tenure to reconsider its decision to vote in favor of my tenure and promotion.  The Board of Rank and Tenure refused.

[35]     I was the only Assistant Professor, out of eleven (11) Assistant Professors, who was denied tenure and promotion in March 2019.  All other Assistant Professors were granted tenure and promotion, based on the recommendation of the Board of Rank and Tenure.

[36]     I was the only homosexual Assistant Professor out of the eleven (11) Assistant Professors that were being reviewed for tenure and promotion when I was being reviewed for tenure and promotion.

[37]     I was more qualified than other Assistant Professors who were granted tenure and promotion.

[38]     Other faculty members at Respondent have told me that they believe I was not granted tenure or promotion because of my sexual orientation.

[39]     A retired homosexual faculty member of Respondent told me that he believed that DiAngelo treated him differently and worse after he introduced his husband to DiAngelo.

[40]     Other homosexual faculty members have told me that they have been denied funding at Respondent.

[41]     Respondent's comments and conduct evidence a bias against homosexual employees.

[42]     Respondent's sex and sexual orientation discriminatory conduct toward me has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (male), including my sexual orientation (homosexual/gay), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"),

the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

  __X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  __(a)__**

  _____     Section 5.1 Subsection(s) _____

  _____     Section 5.2 Subsection(s) _____

  _____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

  __X__     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondent be required to:

  (a) Make the Complainant whole.

  (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

  (c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

  (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

  (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

8/30/19
(Date Signed)

(Signature)   Sean Coary

# Exhibit "B"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Sean Coary**
████████████████████

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

[ ] *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2020-60880 | **Kurt Jung,**<br>**State, Local and Tribal Program Manager** | (267) 589-9749 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                    2/5/2021

**Jamie R. Williamson,**
**District Director**
*(Date Mailed)*

Enclosures(s)

cc:  **Daniel S. Orlow Esq.**
**(Charging Party Attorney)**

**St. Joseph's University**
**(Brock J Atkins, Respondent POC)**