IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN COARY, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : : | |
| ST. JOSEPH'S UNIVERSITY, *Defendant* | : : : | No. 21-1961 |

## MEMORANDUM

PRATTER, J.  JULY 28, 2021

Saint Joseph's University (St. Joe's) moves to dismiss certain allegations in Sean Coary's complaint that describe events it claims are time-barred. Mr. Coary, a former assistant professor at St. Joe's, alleges that he was discriminated against on the basis of his sexual orientation and was subjected to a hostile work environment. For the reasons that follow, the Court construes St. Joe's request as a motion to strike and denies it.

### BACKGROUND AND PROCEDURAL HISTORY

From 2013 until 2019, Mr. Coary was an Assistant Professor at St. Joe's. During his employment, he reported to the Chair of his department and to the Dean of St. Joe's School of Business. Within that six-year period, the Chair position was held by five different individuals. Mr. Coary, who is a homosexual, alleges that two department Chairs, Ferdinand Wirth and John Stanton, treated him in a hostile and demeaning manner because of his sexual orientation.

Beginning in 2016, Mr. Coary alleges that Mr. Wirth commented on Mr. Coary's "clothes and style," including stating that Mr. Coary should "tone down [his] personality." Doc. No. 1 (Compl.) ¶ 25. He alleges that Mr. Stanton made repeated comments throughout 2018 relating to Mr. Coary's sexual orientation and mocked St. Joe's decision to hire a Chief Diversity Officer after a study showed that LGBTQ individuals on St. Joe's campus experienced "less overall comfort" compared to heterosexual individuals. *Id.* ¶¶ 35-37, 43. Mr. Coary alleges that he

1

learned in 2018 that Mr. Wirth also made disparaging comments about the LGBTQ community. *Id.* ¶¶ 38-41.

Mr. Coary also alleges that St. Joe's favored a heterosexual female professor with less seniority when the school awarded her a preferred teaching schedule in 2017. *Id.* ¶¶ 27-32. He alleges the decision was based on the fact that this professor had a fiancé in another city. *Id.* ¶¶ 33-34. The Complaint is silent as to who was ultimately responsible for assigning teaching schedules.

In September 2018, Mr. Stanton and Mr. Wirth voted against Mr. Coary's application for a tenured professorship. *Id.* ¶¶ 45, 49-51. Two months later, the Dean of the School of Business also voted against his application. *Id.* ¶ 60. Mr. Coary alleges that his application was supported by anonymous external faculty reviewers and that St. Joe's Board of Rank and Tenure voted in favor of his application. *Id.* ¶¶ 56, 63. Notwithstanding this support, Mr. Coary's application was denied in March 2019. He was simultaneously informed that his employment was terminated and that he could proceed on one-year non-renewable contracts with the school. *Id.* ¶¶ 64-66. Mr. Coary alleges that, of those 11 teachers eligible for tenure, he was the only Assistant Professor who was denied that promotion and the only homosexual applicant. *Id.* ¶¶ 68, 69.

Mr. Coary brings claims for discrimination on the basis of sexual orientation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Count I), the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 952 *et seq.* (Count II), and the Philadelphia Fair Practices Ordinance (PFPO), Phila. Cod. §§ 9-1101, *et seq.* (Count III).

St. Joe's moves to dismiss paragraphs 24-42 and 44-59 of the Complaint. It styles its motion pursuant to Rule 12(b)(6) but it does not argue that Mr. Coary has failed to state a claim. Rather, St. Joe's asks the Court to dismiss those factual allegations in the Complaint on the grounds that they refer to events that are time-barred. Because St. Joe's seeks to excise allegations rather

2

n/a

than dismiss causes of action, the Court also alternatively will construe its request as a motion to strike under Rule 12(f).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide defendants with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts in the Third Circuit conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and are disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211.

At the pleading stage, the court accepts "all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court need not ignore or discount reality. Nor must the Court "accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are generally disfavored.

3

## DISCUSSION

Mr. Coary filed his administrative complaint with the Pennsylvania Human Rights Commission on August 30, 2019, which was dual filed with the Equal Employment Opportunity Commission. Title VII of the Civil Rights Act of 1964 and the PFPO require a plaintiff to file administrative complaints within 300 days of the "alleged unlawful employment practice" for the complaint to be timely. 42 U.S.C. § 2000e-5(e); Phila. Code §§ 9-1112(1), (3). The PHRA shortens that timeline to 180 days. 43 P.S. § 959(h). Based on the date of Mr. Coary's filing, St. Joe's argues that allegations describing events prior to November 3, 2018 should be barred from consideration as part of his Title VII and PFPO claims, and any events prior to March 3, 2019 cannot be considered under the PHRA. St. Joe's maintains that only the denial of tenure and promotion is "arguably timely." Doc. No. 6 at 5.

A complaint that alleges both discrete acts of discrimination and a hostile work environment may be predicated on shared events. However, whether the different causes of action are timely filed depends on the nature of the "unlawful employment practice" alleged. "[D]iscrete discriminatory acts are not actionable if time-barred," even if those prior acts relate to acts alleged in timely filed charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see Mikula v. Allegheny Cty. of Pa.*, 583 F.3d 181, 183 (3d Cir. 2009). Barring any equitable tolling or estoppel, a plaintiff alleging a discrete discriminatory act must file a charge within 180 or 300 days, respectively, for it to be timely. That said, nothing precludes "an employee from using the prior acts as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113.

Hostile work environment claims differ in a fundamental respect. They are based on continuing or repeated violations that are "part of one unlawful employment practice." *Id.* at 118. "Provided that an act contributing to the claim occurs within the filing period, the *entire time period* of the hostile environment may be considered by a court for the purposes of determining

4

liability." *Id.* at 116-17 (emphasis added). So, an employer can be liable for all the incidents that constitute a hostile work environment even if some occurred outside the statutory filing period.

Certain events, including statements allegedly made by Mr. Stanton and Mr. Wirth regarding Mr. Coary's sexual orientation and the LGBTQ community writ large, their votes against Mr. Coary's tenure application, and St. Joe's denial of the requested teaching schedule occurred outside of the statutory time period. For example, to the extent that a discrimination claim is based on the discrete denial of his requested teaching schedule in 2017, that event cannot separately give rise to liability because it is time-barred.

But the Court can consider these allegations as pertinent background. That is because Mr. Coary sufficiently alleges discriminatory conduct that occurred within the required statutory period, namely the denial of his tenure application, despite a committee of independent external reviewers recommending him and St. Joe's own Board of Rank and Tenure voting for him to receive tenure.

The Court declines to strike allegations that describe events outside of the statutory time periods because they provide context for Mr. Coary's discrimination claim and may form part of his hostile work environment claim. To the extent that St. Joe's motion seeks only to excise certain paragraphs and not to dismiss causes of action, the Court declines to dismiss any of the claims in the complaint.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Saint Joseph's University's motion. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE